BEFORE THE THIRD DIVISION, JUNE 27, 1939

No. 41735.—Protest 793212–G of American Mail Line, Ltd. (Seattle).

KEEFE, Judge: This case involves the duty assessed under the provisions of section 466, Tariff Act of 1930, upon work and materials in painting hull and several sections of the steward's department, engine department, and ship's accessories upon the American steamship *President Jefferson* and also upon certain replacements of crockery.

At the trial all of the papers in the case were admitted in evidence and it was stipulated that the articles were purchased for the use of passengers and the crew on board the vessel and were not purchased for sale and were actually used and consumed on board.

The sections of the Tariff Act of 1930 in question read as follows:

*     *     *     *     *     *     *

In an exhaustive and well-prepared brief counsel for the plaintiff argues that the expense of painting and varnishing portions of the inside and outside of the

vessel to maintain its seaworthiness is not dutiable as a repair cost under section 466; first, because such painting is required and necessary to maintain the ship as seaworthy by keeping it clean, preserving it from deterioration and depreciation, preventing the necessity of repairs, and second, for decorating purposes. That the word "repair" does not contemplate such painting as was performed here, for the reason that the vessel in question was not in a broken-down, dilapidated, or outworn condition at the time the paint and varnish were applied and therefore did not require any repairs or restoration to return it to its original condition. Further, that the paint was applied to a perfect structure and for the purpose of preventing rust, deterioration, and depreciation. Plaintiff further contends that paint when applied to a vessel becomes an integral and permanent part of the vessel and as such part it should be admitted free of duty.

In respect to the crockery purchased in foreign ports for the use of the vessel, counsel argues that crockery, such as cups, saucers, and plates, properly falls within that group of articles commonly known in nautical circles as consumable supplies or sea stores, which are always kept aboard the vessel for use and consumption by the crew and passengers and are never brought ashore or sold to anyone. As such a class of articles it is claimed that they are free of duty under and by virtue of section 466, supra. It is further argued that cups, saucers, and plates are not ship's equipment within the meaning of that term as used in section 466.

The Government on the other hand contends that the cost of painting is a repair within the meaning of section 466 and that the issue has been settled beyond dispute by our appellate court in the cases of Kelly v. United States, 17 C. C. P. A. 30, T. D. 43322, and American Mail Line, Ltd. v. United States, 24 C. C. P. A. 70, T. D. 48377; and that crockeryware under the definitions of sea stores announced by the courts does not come within that term and therefore is included within the term "equipments."

The Kelly case and that of the American Mail Line, supra, directly decided that maintenance painting to prevent deterioration and for cleanliness of vessels was included within the term "repairs." If the application of paint to the structure of a vessel is regarded as a part thereof, the paint so applied would not be regarded as such equipment as is entitled to exemption from duty under section 466. All equipment under said section is made dutiable unless necessitated by stress of weather or other casualty. There is no such claim here. It is true that this court has held that the incorporation into the structure of a vessel of new parts while the vessel was in foreign ports has been held to be excluded from the provisions of section 466, but in such instances the parts so incorporated were held to be a part of the hull and fittings, rather than equipment. Clearly paint applied to the vessel is not to be regarded as hull and fittings. See Kelly v. United States, T. D. 44913; Admiral Oriental Line v. United States, T. D. 45453; and United States v. Admiral Oriental Line, 18 C. C. P. A. 137, T. D. 44359.

The remaining question before us is whether or not crockery, consisting of plates, cups, and saucers are consumable supplies for vessels and therefore excluded from the provisions of section 466. Sea stores have been held to consist of the provisions taken on board for the use of the passengers and crew and intended for their health and sustenance, such as all stores put on board for the purpose of consumption by the persons on the ships, while ships' stores have been held to embrace those articles which form part of the body, tackle, apparel, or furniture of a ship, being necessary for the ship itself. See In re Jones, G. A. 7796, T. D. 35824; United States v. Germania Importing Co., 8 Ct. Cust. Appls. 128, T. D. 37267; In re Geo. D. Ali, T. D. 22433; and United States v. 24 Coils of Cordage, 28 Fed. Cas. 276. The definition of ships' stores clearly includes such apparel of a ship as crockeryware. Such ware is not consumable supplies that

are consumed by the passengers and crew of a ship while on its voyage. The large percentage of breakage of such ware due to the rough seas can not be classed as consumption. Breakage of crockery is the result of either accident or abuse of such ware. In the case of *American Line* v. *United States*, T. D. 43625, it was contended that crockery among other articles was entitled to free entry under the provisions of section 446. The court there held that section 446 has reference to the regular ships' stores, sea stores, and legitimate equipments on board at the time the vessel last left a United States port and would not apply to ships' stores such as crockeryware. The word "consumed" implied that the article referred to may be used until there is nothing more of it remaining. Paint may be consumed by use. So also may foodstuffs. Crockery is of a nature that its use does not consume it. Ships' stores such as crockeryware are clearly a part of the equipments of vessels, and would fall within the term "apparel."

As the painting and repairs made and the crockery purchased for the vessel in question were not the result of stress of weather or other casualty and were not for the purpose of securing the safety of the vessel to enable her to reach her port of destination, we hold that the assessment of duty thereon by the collector of 50 percent ad valorem is presumptively correct. Judgment will therefore be entered in favor of the defendant.